UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-cv-00835-GNS-LLK

BRICE JAMAR RHODES                                                                          PLAINTIFF

v.

Paul Buccieri, *et al.*                                                                        DEFENDANTS

**REPORT, FINDINGS, AND RECOMMENDATIONS**

        The pro-se Plaintiff filed a complaint alleging "defamation of character" resulting from the airing

of an episode on national television on the topic of Plaintiff's behavior during several proceedings in the

Kentucky state courts.  [Doc. 1].  This matter is before the Court on Defendants' motion to dismiss for

failure to state a claim, or alternatively, for summary judgment, to which Plaintiff responded in opposition,

and Defendants replied.  [Doc. 18, 22, 24].  The Court referred the matter to the undersigned Magistrate

Judge for "findings of fact and recommendations on any dispositive matter."  [Doc. 11].

        The undersigned issued a Memorandum Opinion and Order for Further Briefing, which identified

a threshold issue not addressed by the parties, i.e., whether this Court has subject matter jurisdiction over

Plaintiff's complaint.  [Doc. 25].  The parties' briefs are at Doc. 26 and 27, and this matter is ripe for

determination.  This Report finds that this Court has diversity jurisdiction over Plaintiff's complaint

pursuant to 28 U.S.C. § 1332.

        Because Plaintiff's complaint fails to "state a claim upon which relief can be granted," Fed. R. Civ.

P. 12(b)(6), this Report RECOMMENDS that the Court GRANT Defendants' motion to dismiss [Doc. 18] and

DISMISS Plaintiff's complaint.

**Background**

        In or around July 2016, the Jefferson Circuit Court grand jury indicted Plaintiff on seven charges,

including the murder of Christopher Jones on May 4, 2016 (Count 1), the murder of Maurice Gordon on

May 22, 2016 (Count 2), and the murder of Larry Ordway on May 22, 2016 (Count 3).  *Id.*

1

On July 16, 2020, the episode giving rise to Plaintiff's complaint aired.  [Doc. 23].  The episode was shown on A & E Court Cam and lasted 2 minute, 53 seconds.  *Id.*

On December 10, 2020, Plaintiff filed his complaint.  [Doc. 1].

On March 17, 2022, Plaintiff submitted into this Court's record a compact disc (CD) recording of the episode forming the basis of Plaintiff's complaint.  [Doc. 23].

Due to delays in bringing the matter to trial in state court, Plaintiff is presently a pre-trial detainee at Louisville Metro Department of Corrections.  [Doc. 27].

**This Court has subject matter jurisdiction over Plaintiff's complaint.**

The pro-se Plaintiff filed his complaint on a court-supplied form entitled "Civil Rights Complaint To Be Used by A *Pro Se* Prisoner Under 42 U.S.C. § 1983 or *Under Bivens v. Six Unknown Fed. Narcotics Agents*."  [Doc. 1].  This was error because Section 1983 applies only when the claim is that a state government official (e.g., prison guard, police officer) violated a citizen's federal constitutional rights while acting "under color" of state law.  *Bivens* applies when the claim is that a federal government official violated a citizen's federal constitutional rights while acting "under color" of federal law.  Plaintiff's claims are predicated on Kentucky defamation law, not the United States Constitution, and the Defendants are not state or federal officials.  Nevertheless, in light of his pro-se status, the Court must liberally construe Plaintiff's complaint.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The basic statutory grants of federal-court subject-matter jurisdiction appear at 28 U.S.C. §§ 1331 and 1332.  A plaintiff properly invokes federal question jurisdiction under Section 1331 when he pleads a claim "arising under" the Constitution or laws of the United States.  *See Bell v. Hood*, 327 U.S. 678 (1946). Section 1331 does not apply in this case because, as stated above, Plaintiff's defamation claims are predicated on Kentucky defamation law, not the Constitution or laws of the United States.

A plaintiff properly invokes diversity jurisdiction under Section 1332 when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* Section 1332(a).  The requirement of diversity of citizenship is one of "complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).  Citizenship here refers to the state of domicile.  *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010).  "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

In this case, diversity jurisdiction is present because Plaintiff requests $5 million in damages [Doc. 1 at PageID.6] and because Plaintiff, but no Defendant (Paul Buccieri, Dan Abrams, A and E), is a citizen of Kentucky.  [Doc. 26, 27].  *Accord Chatterjee v. CBS Corp.*, No. 6:19-CV-212-REW, 2020 WL 592324, at *3 (E.D. Ky. Feb. 6, 2020) (finding Section 1332 jurisdiction to be present over Chatterjee's Kentucky defamation claims in light of Chatterjee's Kentucky citizenship).[1]

### The episode giving rise to Plaintiff's complaint

A & E Court Cam is hosted by Dan Abrams.  The episode [Doc. 23] begins with narration by Abrams [00:00 - 00:49], followed by an exchange between Plaintiff and Jefferson Circuit Judge Amber Wolf [00:50 – 01:21], more narration [01:22 – 01:53], an exchange between Plaintiff and Jefferson Circuit Judge Charles Cunningham [01:54 – 02:37], and final narration [02:38 – 02:53].  As the narration progresses, images and writings appear on the screen.  As detailed below, Plaintiff's defamation claims appear to be based primarily on the writings (as opposed to the narration).

Below is this Report's attempt to "transcribe" the narration plus writings (writings in *italic*, at moment of appearance in narration):

---

[1] It is unnecessary to require Plaintiff to complete the standard form for pro-se civil actions (based on federal question or diversity of citizenship) because Joint Local Rule of Civil Practice (LR) 5.3 indicates that only actions pursuant to 28 U.S.C. §§ 2254, 2255, 42 U.S.C. § 1983, and *Bivens* "should be written on court-supplied forms."

We now take you to the Jefferson Circuit Court in Louisville, Kentucky.  This is Brice Rhodes, a man very familiar with the Louisville courts.

*BRICE RHODES*
*CHARGES*
*April 2016 Murder*
*May 2016 Double Murder*

He's been behind bars since he was charged with the murder of one man in 2016 and two teenage brothers a month later, fearing they would tell police of his involvement in the first crime.

*LOUISVILLE, KY            JUNE 1, 2016*
*ATTORNEY:  MAN ACCUSED OF SLAYINGS SPAT ON ME*

Since that time, Rhodes has been locked up awaiting trial, but moving forward

LOUISVILLE, KY            OCTOBER 25, 2016
RHODES NOW ACCUSED OF THROWING URINE ON JAILER

has been challenging due to Rhodes' disruptive behavior,

*LOUISVILLE, KY            FEBRUARY 7, 2020*
*BRICE RHODES CHARGED WITH ASSAULTING A JAIL NURSE*

in court and in jail.  He's even gone so far as to threaten Judge Amber Wolf from behind a spit guard in 2016.

[Exchange between Judge Wolf and Rhodes]

*BRICE RHODES*
*ADDITIONAL CHARGES*
*Terroristic Threatening*
*Intimidating A Participant In The Legal Process*

After this incident, Rhodes was charged with terroristic threatening in the third degree and intimidating a participant in the legal process.

*TRIPLE MURDERER RHODES*
*DISTRUPTS COURT AGAIN*

Four years later, March of 2020, he's at it again.  After Judge Charles Cunningham denies his motion to dismiss the murder charges, he questions the Judge's motives.

[Exchange between Judge Cunningham and Rhodes]

Rhodes' attorney has clearly seen this before.

*BRICE RHODES*

4

*Charges*
*April 2016 Murder*
*May 2016 Double Murder*

Judge Cunningham takes it all in stride because Rhodes remains behind bars and faces life imprisonment if convicted of the crimes.  As of this taping, Rhodes' cases are still awaiting trial.

["Transcript" of episode giving rise to Plaintiff's complaint].

### Plaintiff's defamation claims

In his complaint, Plaintiff alleges that the above episode resulted in "defamation of character"

and "slander."  [Doc. 1 at PageID.4].  More specifically, when asked to identify the "FACTS of your case"

supporting claims, including the "dates on which each event took place," Plaintiff responded:

> On July 16, 2020, … the TV show [A & E] Court Cam … stated I … committed a crime of murder in April 2016.  This was false information … [because] Jefferson County court records state that I committed no such crimes in April 2016.  [Court Cam host] Dan Abrams knew this was false information and still broadcasted the story.  He did so to slander my name with a false narration which has caused me extreme emotional distress, pain and suffering, defamation of character, exploiting my character.  This false information has also hinder[ed] me from [receiving] a fair trial by spreading false information, abuse of process.  I gave Dan Abrams or [President and Chairman of A+E Networks Group] Paul Buccieri no such permission to use my [illegible].  So, I seek damages for the pain this show has caused me and my family.  They have used their TV platform to maliciously attack me.  Yes, it is their right under the free speech amendment to report stories.  But it's not their right to state false, harmful information to push a narration.  To support my claim, I have video evidence of what was said on July 16, 2020, that was false.  I also seek damages for humiliation, public ridicule, loss of personal reputation.

*Id.*

In his response, Plaintiff clarifies that his claims are based on two allegedly false statements made

during the episode.  First:

> … Dan Abrams stated on television July 16, 2020, I committed a murder in April 2016 which was false information and because I was only charged for murders in May 2016. Never April! … I also produce documents stating when crimes were committed in May 2016 none in April 2016….

[Doc. 22 at PageID.88].  Second:

> … Defendants also stated I Brice Rhodes spit on my defense attorney which was false based on I am not charged with such a crime.  I was never charged with spitting on my attorney.  … [There were] … no charges of assault or spitting on an attorney which is non existing false statements.

*Id.* at PageID.88-89.

The statements about which Plaintiff complains occurred primarily in two writings that accompanied the narration.  Specifically:

BRICE RHODES
CHARGES
April 2016 Murder
May 2016 Double Murder

LOUISVILLE, KY            JUNE 1, 2016
ATTORNEY:  MAN ACCUSED OF SLAYINGS SPAT ON ME

["Transcript" of episode giving rise to Plaintiff's complaint].

### Defamation claims under Kentucky state law

Under Kentucky law, to succeed on a defamation claim, a plaintiff must allege and prove the following elements:  "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm by the publication."  *McHutchison, Inc. v. Eason Horticultural Res., Inc.*, No. CV 21-65-DLB-CJS, 2021 WL 2555568, at *8 (E.D. Ky. June 22, 2021) (quoting *Estepp v. Johnson Cnty. Newspapers*, Inc., 578 S.W.3d 740, 744 (Ky. Ct. App. 2019)).  Truth or substantial truth is a complete defense.  *Id.*

Similarly, the fair-report statutory privilege may provide a defense to a libel action based on "fair and impartial" reports of "any indictment, warrant, affidavit, pleading or other document in any criminal or civil action in any court of competent jurisdiction."  *Chatterjee v. CBS Corp.*, No. 6:19-CV-212-REW, 2020 WL 592324, at *5 (E.D. Ky. Feb. 6, 2020) (quoting Kentucky Revised Statutes (KRS) 411.060).  Just as truth or substantial truth is a complete defense to a defamation action under Kentucky law, the fair-report privilege "is not lost if the newspaper fails to print the exact facts so long as what it does print is substantially true."  *Id.* (quoting *Pearce v. Courier-Journal*, 683 S.W.2d 633, 635 (Ky. Ct. App. 1985)).

### Plaintiff's complaint fails to state a claim upon which relief can be granted.

First, Plaintiff claims that the episode's statement that he was facing "CHARGES" for an "April 2016 Murder" was false and defamatory.  [Doc. 22 at PageID.88].  The statement was, indeed, false because Plaintiff was charged with one murder occurring on May 4, 2016, and two murders occurring on May 22, 2016.  [Doc. 18-1].  For the reasons below, however, the statement was not defamatory.

Substantial truth is present if, notwithstanding a minor inaccuracy, the substance, gist, or sting of the allegedly defamatory statement remains the same minus the inaccuracy.  *Estepp v. Johnson Cnty. Newspapers, Inc.*, 578 S.W.3d 740, 744 (Ky. Ct. App. 2019).  Here, the substance of the allegedly defamatory statement is that Plaintiff was charged with committing three murders in 2016.  The gist remains justified even if the first murder occurred in April as opposed to May of 2016.  In other words, the "humiliation, public ridicule, loss of personal reputation" [Doc. 1] about which Plaintiff complains is because he is facing three murder charges, not because Defendants misidentified the date of the first murder.

Second, Plaintiff claims that the episode's statement that

LOUISVILLE, KY          JUNE 1, 2016
ATTORNEY:  MAN ACCUSED OF SLAYINGS SPAT ON ME

was false and defamatory because he was not charged with spitting on his defense attorney.[2]  [Doc. 22 at PageID.88].  For the reasons below, the statement was not false (or at least was substantially true).

In its entirety, the statement in question reads as follows:

LOUISVILLE, KY                    JUNE 1, 2016
ATTORNEY:  MAN ACCUSED OF SLAYINGS SPAT ON ME

There was a heated exchange Tuesday between a man charged with three counts of murder and his attorney.

---

[2] Specifically, Plaintiff claims that:
> Defendants also stated I Brice Rhodes spit on my defense attorney which was false based on I am not charged with such a crime.  I was never charged with spitting on my attorney.  This false statement has caused me to be blacklisted by all defense attorneys based on no defense attorney will represent I, Brice Rhodes due to what defendants stated I spit on and attacked my attorney.  I'm forced to have a public defender to fight those serious charges.

[Doc. 22 at PageID.88].

> The attorney for Brice Rhodes says his client spat on him in a holding cell, insulted him and threatened him in court.
>
> Attorney Brendan McLeod withdrew from defending Rhodes in a Louisville courtroom Tuesday. McLeod told the judge that his friendship with the grandfather of the victims presented a conflict of interest.
>
> McLeod says Rhodes spat on him in a holding cell prior to the hearing when he explained the conflict.[3]

["Transcript" of episode giving rise to Plaintiff's complaint].

In other words, the statement is that Plaintiff's defense counsel alleged that Plaintiff spat on him. That remains true regardless of whether the allegation resulted in charges.

In summary, the episode's statements about which Plaintiff complains are either true or substantially true. Truth or substantial truth is a complete defense. *Pearce v. Courier-Journal*, 683 S.W.2d 633, 635 (Ky. Ct. App. 1985); *Estepp v. Johnson Cnty. Newspapers, Inc.*, 578 S.W.3d 740, 744 (Ky. Ct. App. 2019). It follows that Plaintiff's complaint is subject to dismissal for failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[4]

### RECOMMENDATION

Because Plaintiff's complaint fails to "state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), the Magistrate Judge RECOMMENDS that the Court GRANT Defendants' motion to dismiss [Doc. 18] and DISMISS Plaintiff's complaint.

June 30, 2022

**Lanny King, Magistrate Judge**
**United States District Court**

---

[3] The above language is identical to language appearing in an article from June 1, 2016, on the website of WLKY, a Louisville, Kentucky television station. https://www.wlky.com/article/attorney-man-accused-of-three-slayings-spat-on-him/3767555. The article may have formed the basis of the writing that appeared during the episode.

[4] In the interests of judicial economy, this Report declines to address Defendants' remaining arguments: "This Court lacks personal jurisdiction over the individual defendants," "Plaintiff failed to adequately serve Defendants," and "Plaintiff failed to prosecute the case in accordance with [Fed. R. Civ. P.] 41(b)." [Doc. 18 at PageID.69-72]. However, in the event the Court rejects this Report and concludes that Plaintiff's complaint does, in fact, "state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), the Court may (if it so chooses) recommit this matter to the undersigned to address Defendant's remaining arguments.

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

 June 30, 2022

**Lanny King, Magistrate Judge**
**United States District Court**